UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

|  |  |  |
|---|---|---|
| BARBARA HERTZ, | ) | |
| | ) | |
| Plaintiff, | ) | 3:12-cv-00141-LRH-RAM |
| | ) | |
| vs. | ) | |
| | ) | MINUTES OF COURT |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) | |
| | ) | October 9, 2012 |
| Defendant. | ) | |

**PROCEEDINGS:**  Motion Hearing Re: Plaintiff's [16] Motion for Leave to Conduct Limited Discovery Into the Nature, Extent and Affect of Hartford's Conflict of Interest

**PRESENT:**
**THE HONORABLE ROBERT A. McQUAID, JR., U.S. MAGISTRATE JUDGE**

**Deputy Clerk:**  Paris Rich    **FTR Recording:** 1:27 p.m. to 2:36 p.m.

**Plaintiff's Counsel:** Patrick Leverty, Esq., Jess Rinehart, Esq. and Vernon Leverty, Esq.

**Defendant's Counsel:** Keith Weaver, Esq.

At 1:27 p.m., the Court convenes in Reno Courtroom 4.

Patrick Leverty, Esq., Jess Rinehart, Esq. and Vernon Leverty, Esq. are present on behalf of the Plaintiff Barbara Hertz.

Keith Weaver, Esq. is present on behalf of the Defendant Hartford Life and Accident Insurance Company.

The Court recites matter on calendar and inquires of Mr. Weaver whether there is a dispute of a conflict, or at least a potential conflict, in this matter.  Mr. Weaver agrees there is the potential of a conflict as Hartford was the funding source and the claims administrator.

The Court proceeds and hears arguments from Mr. Patrick Leverty and Mr. Weaver as to specific requests for production of documents and interrogatories set forth in [16] Motion.

The Court recites findings and conclusions.

---

**IT IS ORDERED**, as to Requests for Production Paragraphs (1) and (2), [16] Motion is **GRANTED** in part as follows:

(1) For the periods of 4/2009, 7/2011 and 1/2012, produce a complete copy of HARTFORD's claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of Long Term Disability claims.

(2) For the periods of 4/2009, 7/2011 and 1/2012, produce a complete copy of HARTFORD's claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims involving Cervical and/or Lumbar Degenerative Disc Disease.

**IT IS FURTHER ORDERED**, as to Requests for Production Paragraphs (3) and (4), [16] Motion is **DENIED** as moot.

**IT IS FURTHER ORDERED**, as to Interrogatory Paragraphs (1) and (2), [16] Motion is **GRANTED** as follows:

(1) With regard to claims reviewed by Dr. Rim for HARTFORD, IDENTIFY the following:

   a. the number of claims reviewed in the years 2009, 2010, 2011 and 2012;
   b. the number of claims in which Dr. Rim found the claimant totally disabled in 2009, 2010, 2011 and 2012; and
   c. the number of claims in which HARTFORD found or determined that the claimant was totally disabled after a review performed by Dr. Rim in 2009, 2010, 2011 and 2012.

(2) With regard to claims reviewed by MLS Group of Companies for HARTFORD, IDENTIFY the following:

   a. the number of claims reviewed in the years 2009, 2010, 2011 and 2012;
   b. the number of claims in which MLS Group of Companies found the claimant totally disabled in 2009, 2010, 2011 and 2012; and
   c. the number of claims in which HARTFORD found or determined that the claimant was totally disabled after a review performed by MLS Group of Companies in 2009, 2010, 2011 and 2012.

---

**IT IS FURTHER ORDERED**, as to Requests for Production Paragraphs (5), (6), (7) and (8), [16] Motion is **GRANTED** in part as follows:

(5) From January 1, 2009 to the present, produce all employment agreements and/or compensation agreements between HARTFORD to Dr. Rim.

(6) From January 1, 2009 to the present, produce all employment agreements and/or compensation agreements between HARTFORD to MLS Group of Companies.

(7) For all times relevant to HERTZ's claim, produce all communications between HARTFORD and Dr. Rim, and the MLS Group of Companies regarding the review of HERTZ's claim.

(8) For all times relevant to HERTZ's claim, produce all communications between HARTFORD and the MLS Group of Companies regarding the review of HERTZ's claim.

**IT IS FURTHER ORDERED**, as to Requests for Production Paragraphs (9) and (10), [16] Motion is **DENIED**.

**IT IS FURTHER ORDERED**, as to Pages 8 and 9, Interrogatory Paragraphs (3) and (4), [16] Motion is **GRANTED** as follows:

(3) With regard to Dr. Rim, IDENTIFY the following:

    a. how Dr. Rim is compensated for reviewing a claim file for HARTFORD;
    b. the total amounts paid to Dr. Rim by HARTFORD in 2009, 2010, 2011 and 2012;
    c. the percentage of total salary provided by HARTFORD; and
    d. the total amount paid to Dr. Rim by HARTFORD for reviewing PLAINTIFF's claim.

(4) With regard to MLS Group of Companies, IDENTIFY the following:

    a. how MLS Group of Companies is compensated for reviewing a claim file for HARTFORD;
    b. the total amount paid to MLS Group of Companies by HARTFORD in 2009, 2010, 2011 and 2012;
    c. the percentage of total salary provided by HARTFORD; and
    d. the total amount paid to MLS Group of Companies by HARTFORD for reviewing PLAINTIFF's claim.

**IT IS FURTHER ORDERED**, as to Request for Production Paragraph (11), [16] Motion is DENIED.

**IT IS FURTHER ORDERED**, as to Requests for Production Paragraph (12), [16] Motion is GRANTED in part as follows:

(12)   From January 1, 2009 to the present, produce the performance evaluations by superiors for the HARTFORD employees involved in the evaluation of HERTZ's claim, namely Kimberly Franken, Heather Atherton, Katie Johnson, Shawn Vossen, Lynette Hamel, Juan Mendez, Joye Kelley, Meri Gaston, Marvin Bryant, Jennifer Greene, and Kim Black. (This request is not seeking social security, family or heath information.)

**IT IS FURTHER ORDERED**, as to Requests for Production Paragraphs (13) and (14), [16] Motion is DENIED without prejudice.

**IT IS SO ORDERED.**

Mr. Weaver requests clarification from the Court as to the Defendant's reserved rights regarding objections. The Court confirms the Federal Rules of Civil Procedure remain applicable.

At 2:36 p.m., the Court adjourns.

                                                LANCE S. WILSON, CLERK

                                                By: /s/ Paris Rich
                                                       Deputy Clerk