KEITH A. WEAVER
Nevada Bar No. 10271
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
PH.: 702.893.3383
FAX: 702.893.3789
E-Mail: weaver@lbbslaw.com
*Attorneys for Defendant Hartford Life and Accident Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HERTZ, | CASE NO. 3:12-cv-00141-LRH-RAM |
| Plaintiff, | STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY |
| vs. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INTUIT, INC., | |
| Defendant. | |

THIS STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER is made between and among the parties to the above-captioned action on the date so indicated below.

WHEREAS, discovery, including but not limited to interrogatories, document requests, requests for admission and depositions (if any applicable although not anticipated in this this matter), in the above-captioned action will involve the production of information that the producing parties assert is confidential, personal, sensitive, proprietary, trade secret, commercial, financial and/or business information;

WHEREAS, the parties agree to the terms herein, and stipulate to the entry of an Order concerning confidential and otherwise sensitive business or proprietary information, and to facilitate the preservation of such confidential material, the parties agree to adhere to the terms herein. The parties expect that this Stipulated

Confidentiality And Protective Order ("Order"), will become an order of the Court, but the parties agree to adhere to the terms herein regardless of whether the Order becomes an order of the Court.

WHEREAS, The Parties agree that once documents are labeled as Confidential, the documents are proprietary information and if released Defendant Hartford Life and Accident Insurance Company would be damaged competitively in the marketplace.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1.  Scope

This Order includes in its scope any documents, electronically stored information, or other information produced, or disclosed in the above-captioned litigation ("Action"), whether pursuant to formal or informal discovery requests, correspondence, motions not filed with the court, by subpoena, or through testimony; including all documents and tangible things as defined in the Federal Rules of Civil Procedure, or any applicable local rules; and to all such information produced or disclosed by non-parties to this Action pursuant to subpoena and/or deposition notice ("Litigation Material"). "Action" shall also include any litigation, action, proceeding or supplemental proceeding in any jurisdiction brought to enforce any judgment entered in this Action or any settlement agreement among or between any of the parties hereto.

2.  Use of Litigation Material

All Litigation Material, disclosed or obtained by or from any person, whether or not a party, in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure or disclosed through the sealed filing of papers with the Court, shall be used for no purpose other than the prosecution and/or defense of this Action absent further Order of the Court. Nothing in this Order shall be construed to limit, condition or otherwise restrict in any way each Party's use of its own Confidential Information. Such disclosure by the producing Party shall not waive the protections of this Order and shall not entitle other parties, non-parties or their attorneys to use or

1 disclose such information in violation of the Order.

2 3.   Confidential Information

3   Each party or a non-party in its sole discretion may designate as "Confidential"
4 under the terms of this Order any: (i) Litigation Material such party or non-party produces
5 in this Action; or (ii) Litigation Material produced by any non-party consisting of
6 information concerning one or more parties ("Confidential Information"). Litigation
7 Material may be designated as "Confidential" before or after it has been produced or
8 disclosed.

9 4.   Designation of Litigation Material as Confidential

10   a.   Litigation Materials containing Confidential Information shall be so
11 designated by marking the respective pages of the document and where appropriate, the
12 entire document, with the legend "CONFIDENTIAL". In the event a party produces
13 Litigation Material that it deems to be Confidential Information without designating it as
14 such, the producing party may, by written notice delivered to the receiving party,
15 designate the information Confidential and upon receipt of such notice, every receiving
16 party shall mark the Litigation Material "CONFIDENTIAL" and shall treat it thereafter as
17 Confidential and subject to this Order.

18   b.   Documents made available for inspection in response to a request for
19 production need not be marked "CONFIDENTIAL" prior to inspection. However, the
20 producing party following an inspection can mark those documents designated for
21 copying that contain Confidential Information as "CONFIDENTIAL".

22   c.   Although depositions are not anticipated in this action, in the event of any
23 depositions, all portions of deposition transcripts shall be treated as Confidential
24 Information if designated as such on the record by counsel for any party hereto, or by
25 counsel for any non-party testifying pursuant to subpoena.

26   d.   The Confidential Information designation shall apply to any copies or other
27 reproductions, excerpts, summaries, abstracts or other documents that paraphrase,
28 excerpt, or contain Confidential Information. Any such material shall also be clearly

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2065-4866.1           3           3:12-cv-00141-LRH-RAM
STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

designated as containing Confidential Information and shall be subject to all other applicable protections and provisions of this Order.

5.   **Contesting Confidential Designation**

Any Party who contests the designation of any Litigation Material as Confidential shall provide written notice to opposing counsel of their objection within thirty (30) days of receipt or notice of designation of the Litigation Materials as Confidential, and the parties shall use their best efforts to resolve any objection informally. If the parties are unable to resolve their dispute, the Party who contests the designation of materials as Confidential can file an objection with the Court within (45) days of receipt or notice of designation of the Litigation Materials as Confidential if written notice was provided within 30 days, and the matter shall be briefed according to local rules. In any challenge to the designation of the materials as Confidential, the burden of proof shall be on the Party seeking protection.

Designation of materials as Confidential shall not operate as an admission by any party receiving the materials that the information is or is not: (a) confidential; (b) privileged; (c) relevant; or (d) admissible in evidence at trial.

6.   **Access to Confidential Information**

Counsel for Plaintiff shall be governed by the following restrictions in its use of the Confidential Information produced to it and as to the information derived therefrom:

a.   Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case. For that purpose only, Counsel for Plaintiff may disclose such information to the Court and its employees. Although it is not anticipated that depositions will be taken in this action, or that independent expert witnesses will be retained, in the event of such an occurrence, court reporters, independent expert witnesses or potential expert witnesses retained by Counsel for Plaintiff, and such other persons as may be agreed upon by the parties in the future, said agreement to be in writing signed by Counsel for all parties.

b.   Before disclosure of Confidential Information to any person as permitted by the preceding paragraph (other than the Court and its employees), such person shall read

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

a copy of this Stipulation and sign an Agreement To Respect Confidential Information attached hereto as Appendix "A" (the "Agreement"). Counsel for Plaintiff shall maintain a copy of all Agreements signed by such persons and shall furnish copies to Counsel for Hartford Life and Accident Insurance Company upon its request. No Confidential Information shall be disclosed to any person who refuses or has failed to sign the Agreement. In the event any person who has signed an Agreement refuses to comply therewith or fails to adhere to the terms thereof, Counsel for Plaintiff shall make no further disclosure to such person and shall immediately notify Counsel for Hartford Life and Accident Insurance Company in writing.

    c.    Confidential Information includes copies and summaries. Digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be considered Confidential and shall be subject to the provisions of this Stipulation.

7.    **References in Open Court**

Prior to filing any motion wherein Confidential Information is referenced or attached, Plaintiffs shall comply with LR 10-5(b) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or provide Counsel for Defendants reasonable time, but in any event not fewer than 10 judicial days, to file a motion pursuant to LR 10-5(b) and *Kamakana* to show particularized good cause or particularized compelling reasons to file those documents under seal.

LR 10-5(b) provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

Pursuant to *Kamakana* and LR 10-5(b), any Confidential Information attached to a

1  non-dispositive motion must be accompanied by a motion showing a particularized good
2  cause for leave to file those documents under seal. And, any Confidential Information
3  attached to a dispositive motion must be accompanied by a motion showing a
4  particularized compelling reason for leave to file those documents under seal.

5  8.   Notice of Unauthorized Disclosure

6  If Confidential Information is disclosed to or comes into the possession of any
7  person other than in the manner authorized by this Order, the Party who improperly
8  disclosed the information must immediately inform the producing party of all pertinent
9  facts relating to such disclosure and shall make every effort to retrieve the improperly
10 disclosed information and prevent disclosure by each unauthorized person who received
11 such information.

12 9.   Response to Third-Party Discovery

13 In the event that any court requires the disclosure of Confidential Information, the
14 party from whom disclosure is sought shall give immediate written notice to the parties
15 that produced or designated the Litigation Material as Confidential to enable said party to
16 take protective actions as it may deem necessary. In the event a party believes that
17 disclosure is otherwise required by law, it shall give at least 30 days written notice to the
18 parties that produced or designated the Litigation Material as Confidential prior to
19 disclosure.

20 10.  Return of Confidential Information

21 Within 30 days of the conclusion of this Action, the parties agree to return all
22 Confidential Information (including electronically produced materials) and copies thereof
23 to the producing party, or certify in writing that they have destroyed all Confidential
24 Information (including electronically produced materials) and all copies thereof. The
25 provisions of this Order restricting communication, treatment and use of Confidential
26 Information, shall continue to be binding after the termination of this Action.

27 12.  Legal Action and Remedies

28 Counsel for Plaintiff acknowledges it may be subject to sanctions for breach of this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-2065-4866.1                                6                        3:12-cv-00141-LRH-RAM
STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

Confidentiality Agreement and agrees to reimburse Hartford for all reasonable attorneys' fees and costs incurred as a result of a successful action initiated by Hartford seeking sanctions for breach of this Confidentiality Stipulation. Counsel for Plaintiff also agrees to reimburse Hartford Life and Accident Insurance Company for all reasonable attorneys' fees and costs incurred as a result of any successful action initiated by Hartford Life and Accident Insurance Company to enforce this Confidentiality Stipulation. Nothing in this Confidentiality Stipulation limits Hartford Life and Accident Insurance Company's right to pursue other legal or equitable remedies available to it resulting from a breach of this Confidentiality Stipulation.

13. Purpose of Stipulation and Order

This Order is entered for the purposes of providing appropriate confidentiality protections and facilitating the production of documents and information without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by either party; or (b) to alter the confidentiality or non-confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof.

14. Court Retains Jurisdiction

After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to confidential information produced pursuant to this Order for the purpose of enforcement of this Order, including any appropriate sanctions for violations.

15. Non-termination of Order

This Order shall remain in effect for the duration of the Litigation unless terminated by stipulation executed by Counsel of record for the parties or by order of the Court. The provisions of this Order, insofar as they restrict the communication, treatment and use of Confidential Information, shall continue to be binding after the termination of this action unless the Court orders otherwise.

Case 3:12-cv-00141-LRH-RAM   Document 27   Filed 11/29/12   Page 8 of 9

16. **Modification Permitted**

Nothing in this Order shall prevent any Party from seeking modification of this Order.

17. **Non-waiver**

Nothing in this Order shall prevent any Party from objecting to discovery that the Party believes to be otherwise improper.

18. **Counterparts**

This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

STIPULATED AND AGREED BY:

| LEWIS BRISBOIS BISGAARD & SMITH LLP | LEVERTY & ASSOCIATES LAW CHTD. |
|---|---|
| By: *Keith A. Weaver* | By: *Patrick R. Leverty* |
| KEITH A. WEAVER<br>NV Bar No. 10271<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendant Hartford Life and Accident Insurance Company* | VERNON E. LEVERTY<br>NV Bar No. 1266<br>PATRICK R. LEVERTY<br>NV Bar No. 8840<br>832 Willow Street<br>Reno, Nevada 89502<br>*Attorneys for Plaintiff Barbara Hertz* |

**ORDER**

IT IS SO ORDERED.

_____
United States Magistrate Judge

Dated: 11-30-12

## APPENDIX "A"

### AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Confidentiality Stipulation in the case of BARBARA HERTZ v. HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INTUIT, INC., in the District of Nevada, a copy of which Stipulation has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Confidentiality Stipulation and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as set forth in the Confidentiality Stipulation. I further agree and attest to my understanding that breach of this Agreement is directly actionable by the party which designated the Confidential Information which is disclosed, and that in the event I fail to abide by the terms of the Stipulation, I may be subject to sanctions.

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City   State   Zip

_____
Occupation or Business

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW