# EXHIBIT 2

# EXHIBIT 2

REC'D DEC

KEITH A. WEAVER
Nevada Bar No. 10271
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
PH.:   702.893.3383
FAX:  702.893.3789
E-Mail: weaver@lbbslaw.com
*Attorneys for Defendant Hartford Life and
Accident Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA HERTZ,<br><br>        Plaintiff,<br><br>        vs.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY and GROUP<br>LONG TERM DISABILITY PLAN FOR<br>EMPLOYEES OF INTUIT, INC.,<br><br>        Defendant. | CASE NO. 3:12-cv-00141-LRH-RAM<br><br>DEFENDANT HARTFORD LIFE AND<br>ACCIDENT INSURANCE COMPANY'S<br>RESPONSE TO PLAINTIFF'S<br>INTERROGATORIES<br>(Set One) |

COMES NOW Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, by and through its counsel of record, the law firm LEWIS BRISBOIS BISGAARD & SMITH, LLP, and hereby responds to Plaintiff's Interrogatories (Set One) as follows:

## GENERAL INFORMATION

These responses are made solely for the purpose of, and in relation to, this action. Each answer is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion herein if made by a witness present and testifying to court. All such objections and grounds, therefore, are reserved and may be interposed at time of trial.

Except for the facts expressly admitted herein, no admission of any nature

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

243  11-29-12

1  whatsoever is to be implied or inferred.  The fact that an interrogatory herein has been

2  answered should not be taken as an admission, or a confession of the existence of, any

3  facts set forth or assumed by such interrogatory or that such an answer constitutes

4  evidence of any fact thus far set forth or assumed.  All answers must be constructed as

5  given on the basis of present recollection.

6          The party on whose behalf these answers are given has not yet completed its

7  investigation of the facts relating to this case, has not fully completed its discovery in this

8  action, and has not yet completed its preparation for trial.  All of the answers contained

9  herein and documents identified are based upon such information and documents that

10  are presently available or specifically known to the responding party.  It is anticipated that

11  further discovery, independent investigation, legal research, and analysis will supply

12  additional facts and meaning to the known facts, as well as establish entirely new factual

13  conclusions and legal contentions of and documents supporting said contentions.  The

14  foregoing responses are given, without prejudice, to the responding party's right to

15  produce evidence of any subsequently discovered facts or documents which responding

16  party may later recall.  This responding party reserves the right to change any and all

17  responses as additional facts are ascertained, analysis is made, and documents are

18  identified.  The responses contained herein and the documents identified are made in a

19  good faith effort to supply as much factual information and documentation identification

20  as is presently known, but should in no way be to the prejudice of responding party in

21  relation to further discovery, research, or analysis.

22  <u>INTERROGATORY NO. 1</u>:

23          With regard to claims reviewed by Dr. Rim for HARTFORD identify the following:

24          a.      the number of claims reviewed in the years 2009, 2010, 2011 and 2012;

25          b.      the number of claims in which Dr. Rim found the claimant totally disabled in

26                  2009, 2010, 2011 and 2012; and,

27          c.      the number of claims in which HARTFORD found or determined that the

28                  claimant was totally disabled after a review performed by Dr. Rim in 2009,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    2010, 2011 and 2012.

2    RESPONSE TO INTERROGATORY NO. 1:

3    Hartford objects to this interrogatory on the basis that it is vague, overly broad,

4    unduly burdensome, oppressive and exceeds the scope of permissible discovery

5    because it seeks documents that are neither relevant nor reasonably calculated to lead to

6    the discovery of admissible evidence.  Hartford further objects to this request to the extent

7    it calls for information protected by the attorney client privilege and/or the attorney work

8    product doctrine.  Without waiving said objections and subject to the Stipulated Protective

9    Order of Confidentiality entered into by the parties, Hartford responds as follows:

10    a.    Dr. Rim reviewed the following number of claims for Hartford:

11    • 2009: n/a

12    • 2010: 5 claims

13    • 2011: 9 claims

14    • 2012: n/a

15    b.    Hartford does not have the information available to answer this interrogatory

16    subpart at the present time.  Hartford is in the process of reviewing its claim files

17    regarding Dr. Rim and compiling the data necessary to respond to this interrogatory

18    subpart, and it will promptly supplement this response when it has the necessary

19    information.

20    c.    Hartford does not have the information available to answer this interrogatory

21    subpart at the present time.  Hartford is in the process of reviewing its claim files

22    regarding Dr. Rim and compiling the data necessary to respond to this interrogatory

23    subpart, and it will promptly supplement this response when it has the necessary

24    information.

25    INTERROGATORY NO. 2:

26    With regard to claims reviewed by MLS Group of Companies for HARTFORD

27    IDENTIFY the following:

28    a.    the number of claims reviewed in the years 2009, 2010, 2011 and 2012;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4819-1979-1633.1                                    3

1       b.     the number of claims in which MLS Group of Companies found the claimant

2             totally disabled in 2009, 2010, 2011 and 2012; and,

3       c.     the number of claims in which HARTFORD found or determined that the

4             claimant was totally disabled after a review performed by MLS Group of

5             Companies in 2009, 2010, 2011 and 2012.

6  RESPONSE TO INTERROGATORY NO. 2:

7     As to subpart a, Hartford objects to this interrogatory subpart on the basis that it is

8  vague, overly broad, unduly burdensome, and oppressive and exceeds the scope of

9  permissible discovery because it seeks documents that are neither relevant nor

10  reasonably calculated to lead to the discovery of admissible evidence.  Hartford further

11  objects to this request to the extent it calls for information protected by the attorney client

12  privilege and/or the attorney work product doctrine.  Without waiving said objections and

13  subject to the Stipulated Protective Order of Confidentiality entered into by the parties,

14  Hartford responds as follows:

15       a.     MLS Group of Companies ("MLS") reviewed the following number of claims

16             for Hartford:

17               • 2009: n/a

18               • 2010: 316 claims

19               • 2011: 365 claims

20               • 2012: 71 claims (as of November 6, 2012)

21     As to subparts b and c, Hartford objects to these interrogatory subparts on the

22  basis that they are vague, overly broad, unduly burdensome, oppressive and exceed the

23  scope of permissible discovery because they seek documents that are neither relevant

24  nor reasonably calculated to lead to the discovery of admissible evidence.  Hartford

25  further objects to this request to the extent it calls for information protected by the

26  attorney client privilege and/or the attorney work product doctrine.

27  INTERROGATORY NO. 3:

28     With regard to Dr. Rim IDENTIFY the following:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    a.    how Dr. Rim is compensated for reviewing a claim file for HARTFORD;

2    b.    the total amounts paid to Dr. Rim by HARTFORD in 2009, 2010, 2011 and

3          2012;

4    c.    the percentage of total salary provided by HARTFORD; and,

5    d.    the total amount paid to Dr. Rim by HARTFORD for reviewing PLAINTIFF's

6          claim.

7    RESPONSE TO INTERROGATORY NO. 3:

8          Hartford objects to this interrogatory on the basis that it is vague, overly broad, and

9    exceeds the scope of permissible discovery because it seeks documents that are neither

10   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11   Hartford further objects to this request to the extent it calls for information protected by

12   the attorney client privilege and/or the attorney work product doctrine.  Without waiving

13   said objections and subject to the Stipulated Protective Order of Confidentiality entered

14   into by the parties, Hartford responds as follows:

15   a.    Hartford does not directly compensate Dr. Rim for reviewing a claim file for

16         Hartford.  Hartford only compensates MLS, who employs and/or contracts

17         with Dr. Rim, for reviewing a claim file.

18   b.    Please see the response to Interrogatory 3(a).

19   c.    Please see the response to Interrogatory 3(a).

20   d.    Please see the response to Interrogatory 3(a).

21   INTERROGATORY NO. 4:

22         With regard to MLS Group of Companies IDENTIFY the following:

23   a.    how MLS Group of Companies is compensated for reviewing a claim file for

24         HARTFORD;

25   b.    the total amounts paid to MLS Group of Companies by HARTFORD in

26         2009, 2010, 2011 and 2012;

27   c.    the percentage of total salary provided by HARTFORD; and

28   d.    the total amount paid to MLS Group of Companies by HARTFORD for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    reviewing PLAINTIFF's claim.

2    <u>RESPONSE TO INTERROGATORY NO. 4</u>:

3    Hartford objects to this interrogatory on the basis that it is vague, overly broad,

4    unduly burdensome and exceeds the scope of permissible discovery because it seeks

5    documents that are neither relevant nor reasonably calculated to lead to the discovery of

6    admissible evidence.   Hartford further objects to this request to the extent it calls for

7    information protected by the attorney client privilege and/or the attorney work product

8    doctrine.  Without waiving said objections and subject to the Stipulated Protective Order

9    of Confidentiality entered into by the parties, Hartford responds as follows:

10    a.    Please see the Independent Medical Consultant Service Agreement

11    (Hartford-MLS-0001-042), attached to Hartford's Response to Request for Production,

12    served concurrently herewith.

13    b.    MLS billed the following amounts to Hartford:

14        • 2009: n/a

15        • 2010: $339,897.98

16        • 2011: $356,892.39

17        • 2012: $74,115.92

18    c.    After a reasonable and diligent search, Hartford responds that it does not

19          have the information necessary to respond to this interrogatory.   Hartford

20          does not know the total salary of MLS; therefore, Hartford cannot calculate

21          the "percentage of total salary" it provides to MLS.

22    d.    Hartford paid $1,292.50 to MLS for the review of Barbara Hertz's claim.

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4819-1979-1633.1                                        6

1    DATED this 2nd day of November, 2012

2                        LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4                        By

5                            KEITH A. WEAVER
                             Nevada Bar No. 10271
6                            6385 S. Rainbow Boulevard, Suite 600
                             Las Vegas, Nevada 89118
7                            *Attorneys for Defendant Hartford Life and
                             Accident Insurance Company*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4819-1979-1633.1                        7

## VERIFICATION

STATE OF _____ )
                         )ss.
COUNTY OF _____ )

_____, being first duly sworn, under oath, upon the penalties of perjury, deposes and states:

    That I am the/a _____ employed by Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY. I am authorized to execute this Verification on behalf of Defendant. I have read the above and foregoing, DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S INTERROGATORIES (Set One), and know the contents thereof, that the same are true and correct of my own knowledge, except for those matters therein stated upon information and belief, and as to those matters, I believe them to be true.

    FURTHER AFFIANT SAYETH NAUGHT.

_____

Sworn to and Subscribed
Before me this_____day of _____, 2012.

_____
Notary Public in and for said
County and State

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4819-1979-1633.1

8

1

2

## CERTIFICATE OF SERVICE

3
  Pursuant to FRCP 5(b), I certify that I am an employee of LEWIS BRISBOIS

4
BISGAARD & SMITH LLP, and that on this 30th day of November, 2012, I did cause a true

5
and correct copy of DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE

6
COMPANY'S RESPONSE TO PLAINTIFF'S INTERROGATORIES (Set One) to be

7
placed in the United States Mail, with first class postage prepaid thereon, and addressed

8
as follows:

9
Vernon E. Leverty
Patrick R. Leverty
Jess P. Rinehart

10
LEVERTY & ASSOCIATES LAW CHTD.
832 Willow Street

11
Reno, NV 89502
*Attorneys for Plaintiff Barbara Hertz*

12

13
        By _____

14
         An Employee of
         LEWIS BRISBOIS BISGAARD & SMITH LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4819-1979-1633.1

9

<u>VERIFICATION</u>

STATE OF CONNECTICUT )
                                              )ss.
COUNTY OF HARTFORD )

_TANYA DAVIGNON_, being first duly sworn, under oath, upon the penalties of perjury, deposes and states:

That I am the/a _Vendor Manager_ employed by Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY. I am authorized to execute this Verification on behalf of Defendant. I have read the above and foregoing, DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S INTERROGATORIES (Set One), and know the contents thereof, that the same are true and correct of my own knowledge, except for those matters therein stated upon information and belief, and as to those matters, I believe them to be true.

FURTHER AFFIANT SAYETH NAUGHT.

Sworn to and Subscribed
Before me this _10th_ day of _January_, 2012. 13 jan

_____
Notary Public in and for said
County and State

_my commission expires 9/30/13_

LEWIS
BRISBOIS